# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT RICHARD HALL,

                            Petitioner,

v.

                            Case No. 17-CV-726-JPS

LARRY MALCOMSON,

                            **ORDER**

                          Respondent.

On May 23, 2017, Scott Richard Hall ("Hall"), who is currently incarcerated at the Brown County Jail in Green Bay, Wisconsin, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1).[1] Hall has paid the $5.00 filing fee, and so the Court now turns to screening his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

After entering a plea of *nolo contendere*, Hall was convicted in a Florida state court of felony battery in 2013. (Docket #4 at 2). He was sentenced to time served, one year of "community control," and two years of probation. *Id.* He appealed this conviction to Florida's intermediate appellate court on the ground that he was provided ineffective assistance

---

[1]His original filing appeared to be only part of the form provided to prisoners for filing habeas petitions. *See* (Docket #1). The complete version was filed May 26, 2017, *see* (Docket #4), and that is what the Court will screen in this Order.

[2]Hall filed a motion requesting leave to proceed without prepayment of the filing fee after he had already paid it. (Docket #5). Since he has paid the fee in full, his request is moot.

of counsel. *Id.* at 3. He claims that his appeal failed because he was forced to proceed without the aid of counsel on appeal. *See id.* He did not continue to press his appeal to the Florida Supreme Court or seek discretionary review in the United States Supreme Court. *Id.* at 3–4.

Hall claims that he has filed one prior state-level motion for post-conviction relief. *Id.* As he puts it, the motion, filed in April 2016 with the assistance of counsel, sought termination of his term of probation. *Id.* Apparently, Hall argued that his probation should be terminated because he had completed over one half of his term of probation and had "completed all of the conditions of [his] probation." *Id.* Hall does not say whether his motion was granted or denied. *See id.* He reports that his probation term is scheduled to end on June 9, 2016. *Id.*

Hall explains why he is now in a Wisconsin jail, as opposed to Florida or anywhere else. Sometime prior to January 2017, Hall came to Wisconsin to visit his mother while she was ill. *Id.* at 8. He offers other, less clear reasons for leaving Florida, including problems with his probation officer and that he "fear[ed] for [his] life and safety" in that state. *Id.* Hall was arrested on January 20, 2017 in Vilas County. *Id.* Hall was transferred to Brown County on January 23, 2017. Brown County's prosecutor charged Hall as a fugitive, presumably from Florida, and an extradition hearing was set. *See State of Wisconsin v. Scott R. Hall*, Brown County Case No. 2017-CF-100, Court Record Events, *available at*: https://wcca.wicourts.gov/. It appears that the extradition proceedings went against Hall, as he filed a habeas corpus action on April 7, 2017. *Id.* A hearing on that issue was held just last week, on June 2, 2017. *Id.*

In the instant petition, Hall raises several unrelated claims. First, he asserts that his trial counsel did not file an appeal in the Florida case as he

requested. (Docket #4 at 6). Second, Hall contends that he was not of sound mind at his Florida sentencing because he had recently suffered head trauma. *Id.* at 7. Third, Hall alleges that his counsel in the Brown County case provided him ineffective assistance. *Id.* at 8. Finally, Hall claims that he has ongoing serious medical needs that are not being properly treated by the Brown County Jail. *Id.* at 9.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the Court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

As an initial matter, the Court will dispose of Plaintiff's final claim, which is that he needs better medical care at the Brown County Jail. Such a claim is not a challenge to his conviction or sentence and is therefore not the proper subject of habeas relief. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). If Hall believes he has a viable claim for violation of his constitutional right to medical care, he must raise it in a separate action brought pursuant to 42 U.S.C. § 1983. For now, the claim must be dismissed from this habeas petition.

The Court will next consider the timeliness of Hall's petition. A state prisoner in custody pursuant to a state court judgment has one year from

the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears Hall's petition is untimely as to the Florida proceedings. According to the information provided in his petition, Hall was sentenced in June 2013, and his conviction became final after the time for continuing his direct appeal to the Florida Supreme Court, or seeking certiorari in the U.S. Supreme Court, expired. While Hall does not provide the date that he filed his appeal or when the Florida Court of Appeals decided it, the Court must assume that, despite busy dockets across the country, the appeal was decided well before the year May 2016. Assuming that is true, Hall's petition would be untimely.

It is worth noting that although Hall claims to have filed a motion for post-conviction relief, his description of it shows that it was not, by any stretch of the imagination, a collateral attack on his conviction or sentence. Instead, it was a request for early termination of his probation. Such a request did not implicate any of the claims Hall asserts here regarding ineffective assistance of counsel, his mental condition, or his medical issues. Nor could it be construed as an attack on the fact or duration of his sentence, at least not for the reasons permissible in a habeas petition. *See Glaus*, 408 at 387; *Williams*, 336 F.3d at 579. Thus, his motion did not toll the one-year statute of limitations for habeas petitions under Section 2254. 28 U.S.C. §

2244(d)(2). This, in turn, bolsters the Court's conclusion that the petition here is untimely.

Yet even if one assumes that any ground of Hall's petition is timely presented, the entire petition must nevertheless be dismissed because Hall has undoubtedly failed to exhaust his state remedies. A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Hall has not exhausted his state court remedies as to any of the claims he advances in his petition. First, Hall did not pursue his direct appeal past Florida's intermediate appellate court. His ineffective-assistance argument was, therefore, never heard in Florida's highest court. Second, with respect to his 2016 motion to terminate his probation, this is not properly characterized as a motion for post-conviction relief, as it did not allege that his conviction and sentence were unlawful, only that

equitable considerations supported shortening his probation term. Moreover, he never appealed whatever order was ultimately entered on that motion, again depriving the Florida Supreme Court of an opportunity to weigh in on Hall's request. Finally, Hall's Brown County case is ongoing, and so he has clearly failed to exhaust his state court remedies in the context of a Section 2254 action.

It is not clear whether Hall should be considered a "pretrial detainee" as to the Brown County action. If he were, the Court might generously construe Hall's complaints about the Brown County action as a Section 2241 action. "Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this ability is limited by the policy of federal courts not to interfere with pending state criminal prosecutions[.]" *Graf v. Clarke*, No. 14-CV-1205, 2014 WL 5361309, at *1 (E.D. Wis. Oct. 20, 2014) (collecting cases). Like Section 2254 actions, "[t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies." *Alden v. Kellerman*, 224 F. App'x 545, 547 (7th Cir. 2007); *see also Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same).

"The requirement that a § 2241 petitioner exhaust state court remedies is not specified in § 2241 but is a 'judicially crafted' requirement based on comity." *Graf*, 2014 WL 5361309, at *1 (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973)). "An exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot." *Id.* For this reason, "[r]elief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims[.]" *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden*, 410 U.S. 489–92).

Hall does not present a speedy trial or double jeopardy claim. Rather, he alleges a standard ineffective assistance claim, pled with only the barest facts. The habeas corpus proceedings in the Brown County case have not left the circuit court, much less made it through the Court of Appeals and on to the Wisconsin Supreme Court. The face of the petition shows that Hall has not exhausted his state court remedies, nor has he presented any exceptional circumstances to justify enjoining his state criminal proceeding. *See* (Docket #4 at 6-13).

Thus, because neither the Florida nor Wisconsin state courts have had a "full and fair opportunity" to review Hall's claims, the Court concludes that Hall's petition must be dismissed for failure to exhaust state remedies. *See Olsson*, 328 Fed. App'x at 335 (finding that the district court properly abstained from interfering with the petitioner's state criminal case where the petitioner did not exhaust his state court remedies on his speedy trial claim, was not prevented from bringing his constitutional claims in state court, and failed to show that the state court did not give him an adequate opportunity to present his constitutional claims); *see also United*

*States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). Hall's petition will be dismissed without prejudice to afford him an opportunity to exhaust his state court remedies, as well as bring his civil rights claim in a separate action if he chooses.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Hall must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, no reasonable jurists could debate whether Hall exhausted his claims in state court. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Hall may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty (30) days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this

deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the instant petition for a writ of habeas corpus (Docket #1 and #4) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #5) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Docket #2) be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge